# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL NO. 3:98CR301-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| ) | |
| BOBBY D. BROWN ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's motion for credit for time spent in pretrial detention. The motion is denied.

On November 4, 1998, the Defendant was charged with conspiracy to defraud the United States and bank fraud. After entering a guilty plea, the Defendant was sentenced to 51 months imprisonment to be served concurrently with a state court sentence previously imposed. The Court specifically ordered that the Defendant be remitted to state custody to begin service of the state court sentence. After the completion of his state and federal sentences, the Defendant began supervised release on March 15, 2002. By September 29, 2003, the Defendant's probation officer petitioned the Court to revoke his supervised release due to his arrest on

state robbery charges.  He was arrested on October 24, 2003, while in state custody and turned over to the federal authorities for prosecution of the supervised release violation.  On February 17, 2004, the undersigned revoked the Defendant's supervised release and sentenced him to 27 months imprisonment, a sentence which was to run consecutively to the state sentence.  The Defendant claims he should be given credit for the time between October 2003 and February 2004 when he was taken out of state custody and placed in federal custody.

> A prisoner detained pursuant to a writ *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person.  The receiving sovereign – in this case, the federal government – is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him.  For the purposes of computing [Defendant's] sentence, therefore, the time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward his state sentence, not his federal sentence.

***Ruggliano v. Reish*, 307 F.3d 121, 125 n.1 (3d Cir. 2002); *accord, United States v. Fermin*, 252 F.3d 102 (2d Cir. 2001); *Jake v. Herschberger*, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999); *Self v. United States*, 173 F.3d 425 (table), 1999 WL 94661 (4th Cir. 1999).**  Thus, the

Defendant is not entitled to credit against his federal sentence for the time he spent in pretrial federal detention.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion is hereby **DENIED**.

Signed: January 10, 2007

Lacy H. Thornburg
United States District Judge